New Jersey Express Co. v. Nichols.

THE NEW JERSEY EXPRESS COMPANY v. JONATHAN V. NICHOLS.

1. A deposition taken *de bene esse*, before a master in chancery of this state, who certified that the witness was duly sworn, held sufficient.
2. That the master allowed the witness, who was the plaintiff, during his cross-examination, to converse in private with his counsel, is not such an objection as will require the court to reject the deposition.
3. In an action for damages by loss of time, &c., occasioned by a personal injury to an architect, *held*—that the plaintiff, as a witness, might be asked, what were the average profits of his business.
4. It is not error to refuse a non-suit, because the plaintiff did not positively prove that the injury of which he complained was not, in part, occasioned by his own negligence, where the evidence is doubtful, or the inferences to be drawn from the facts uncertain.

Error to the Circuit Court of the county of Essex.

Written briefs were submitted to the court by

*C. Borcherling* and *B. Williamson*, for plaintiff in error.

*C. Parker* and *A. Q. Keasbey*, for defendant.

Present—The CHIEF JUSTICE, and Justices ELMER, DALRIMPLE, and BEDLE.

The different points relied on for reversing the judgment are stated in the opinion of the court, which was delivered by

ELMER, J. Upon the trial of this cause, several exceptions were taken to the ruling of the court, and these exceptions are now relied upon as reasons for reversing the judgment.

The first exception was to the admission as evidence, of the deposition of the plaintiff, in the Circuit Court, as a witness taken *de bene esse*, before a master in chancery of this state, who certified that the witness was "duly sworn," but did not state in the words of the statute (*Nix. Dig.* 926, *No.*

13,)* that he was sworn to testify the whole truth. It has always been held that the statute being in derogation of the common law, must be strictly pursued; but here the deposition was taken by an officer acting under the laws of this state, who certifies that the witness was duly sworn, which is equivalent to a statement that he was sworn, in the legal form, to speak the truth, the whole truth, and nothing but the truth.

The second exception was for refusing to reject the deposition, on the ground that while the said witness was under cross-examination, the master, notwithstanding the objection of the defendant's counsel, allowed a private interview and conversation between the said witness and his counsel. The statement of the master is, "the witness here expressed a wish to speak to his counsel, and was objected by counsel of defendant. Conversation had, notwithstanding." What the conversation was about does not appear, the counsel for defendant not having chosen to inquire, as he might have done. For anything that appears, it had no connection with the question in controversy; but even if it had, however such an occurrence might have affected the credibility of the witness, it must have been a flagrant case, which would have required the court wholly to reject the deposition.

The third exception was to receiving in evidence the plaintiff's answer, as contained in his deposition, to the question, what was the average annual profits in your business, to which he answered, the average was about twenty-five hundred dollars. This evidence was objected to, on the ground that the same would tend to lead the jury to an indefinite inquiry, which would be contrary to law: but the court permitted it to be read for the consideration of the jury. The action was for injury done to the plaintiff's person, by the negligence of the defendants' servants, whereby he suffered great pain, was put to expense in being cured, and was hindered and prevented, for a long time, from performing and transacting his lawful business. What was the nature and value of the plaintiff's business, was a material inquiry.

* *Rev.*, p. 382, § 27

The question was not in regard to the profits of an uncertain trade or manufacture, but was designed and tended to show what he was, at the time of the injury, earning as an architect, and for that purpose was proper.

That the rule of damages applicable to such a case was legally stated by the court, must be assumed, because no exception has been taken to its instructions in that respect.

The fourth, and last exception relied on for reversal was, that the court declined to non-suit the plaintiff, on the ground, and for the reason that he was bound to prove, not only that the injury by him sustained, was caused, substantially and proximately, by the negligence of the defendants, but also that the plaintiff was free from negligence, and did not, by his own conduct, contribute to the injury complained of, which he had failed to do.

There is no doubt that by the well-established law the plaintiff was bound to prove that the negligence of the defendants' servants was the natural and proximate cause of the injury he sustained, and generally, in doing so, he necessarily shows that his own misconduct or negligence did not contribute in producing it; but it is not the law in this state, whatever may have been held elsewhere, that he is bound in all cases to show positively that he was not himself to blame. *Durant* v. *Palmer*, 5 *Dutcher* 544. When it clearly appears by the plaintiff's evidence, that his own conduct contributed to produce the injury complained of, it is the duty of the court to direct a non-suit, as was held at the last term, in the case of *Harper* v. *Erie Railway Co.*\* But where the evidence on this point is doubtful, and the inferences to be drawn from the facts uncertain, it is the province of the jury to decide, and the case must be plain, which will justify a reversal, for denying a non-suit and submitting the question of negligence to the jury. *Cent. R. R. Co.* v. *Moore*, 4 *Zab.* 824. It appears by the evidence in this case, that the plaintiff was attempting to pass along the side-walk, in the city of Newark, when he was caught and badly hurt by the wagon of the defendants being backed up

---

\* *Supra, p.* 88.

to the side of a building adjoining to the walk, for the purpose of taking in some packages from a platform erected for that purpose. It appears, also, that the wagon was thus backed in violation of the city ordinance. The act of driving the wagon on the walk, without taking care to see it was clear of passengers, was gross negligence on the part of the defendants. The negligence imputed to the plaintiff was that he attempted to pass, when he saw, or might have seen, that it was dangerous to do so. This plea might have availed the defendants if they had had an equal right to use the side-walk, as they did, which was not the case, and would not have been even in the absence of the ordinance. But they backed their wagon on to it at their peril, and are justly held accountable for the consequences. And besides, admitting the defendants had a right to back up their wagon on the side-walk, with proper precaution, it was by no means clear that the plaintiff did not use every reasonable precaution on his part, and it was, therefore, no error to submit this question to the jury. As to the damages, which are complained of as excessive, that is not an open question upon a writ of error.

The judgment must be affirmed.

AFFIRMED, 4 *Vroom* 434.  CITED in *Bonnell* v. *Del., Lack. & West. R. R. Co.*, 10 *Vroom* 192.